Stephen M. Doniger, Esq. (SBN 179314)
Email: Stephen@DonigerLawFirm.com
Scott A. Burroughs, Esq. (SBN 235718)
Email: Scott@DonigerLawFirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FABRICS INTERNATIONAL, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DESIGN COLLECTION, INC., a California Corporation; ROSS STORES, INC., a California Corporation; G.S.L., INC., a California Corporation; JODI KRISTOPHER, INC., a New York Corporation; PRIDE & JOYS, INC., a New York Corporation; LARRY HANSEL CLOTHING, LLC, a New York Corporation; MACYS RETAIL HOLDINGS, INC., an Ohio Corporation; and DOES 1-10,<br><br>Defendants. | Case No.: CV11 02541 DSF PLAx<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>3. VIOLATION OF 17 U.S.C. § 106(2); and<br><br>4. BREACH OF CONTRACT<br><br>Jury Trial Demanded |

1
COMPLAINT

Plaintiff, UNITED FABRICS INTERNATIONAL, INC. (hereinafter "UFI" or "Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

Plaintiff creates and obtains rights to unique two-dimensional graphic artworks for use on textiles, which textiles are transacted primarily in the fashion industry. Plaintiff owns these designs in exclusivity and makes sales of products bearing these designs for profit. Plaintiff's business is predicated on its ownership of these designs and it spends a considerable amount of time and resources creating and obtaining top-quality, marketable and aesthetically-appealing designs. Ongoing and potential customers of Plaintiff obtain design samples from the company with the understanding and agreement that they will only utilize UFI to reproduce said designs should they wish to do so, and will not seek to print the designs elsewhere, or make minor changes to Plaintiff's proprietary work to reproduce the same elsewhere. Despite this agreement, and UFI's exclusive ownership of the copyrights in its designs, parties will still exploit and print UFI's exclusive designs through third parties domestically and abroad. The defendants in this case have imported, purchased and sold without permission product bearing Plaintiff's proprietary, registered textile designs.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

# **PARTIES**

4.  Plaintiff UFI is a corporation organized and existing under the laws of the State of California with its principal place of business in Los Angeles County.

5.  Plaintiff is informed and believes and thereon alleges that Defendant DESIGN COLLECTION, INC. ("DCI") is a corporation organized and existing under the laws of the State of California and doing business in and with the state of California.

6.  Plaintiff is informed and believes and thereon alleges that Defendant ROSS STORES, INC. ("ROSS") is a corporation organized and existing under the laws of the State of California and doing business in and with the state of California.

7.  Plaintiff is informed and believes and thereon alleges that Defendants G.S.L, INC. and JODI KRISTOPHER, INC. (collectively "JKI") are related corporations organized and existing under the laws of the State of New York and doing business in and with the state of California.

8.  Plaintiff is informed and believes and thereon alleges that Defendant LARRY HANSEL CLOTHING, LLC. ("LHCL") is a limited liability company organized and existing under the laws of the State of New York and doing business in and with the state of California.

9.  Plaintiff is informed and believes and thereon alleges that Defendant PRIDE & JOYS, INC. (PJI") is a limited liability company organized and existing under the laws of the State of New York and doing business in and with the state of California.

10. Plaintiff is informed and believes and thereon alleges that Defendant MACY'S RETAIL HOLDINGS, INC. ("MACYS") is a corporation organized and existing under the laws of the State of Ohio and doing business in and with the state of California.

11. Plaintiff is informed and believes and thereon alleges that Defendant DOES 1-5, inclusive, is a manufacturer, and/or a vendor (and/or agent or employee to a manufacturer or vendor) of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying fabrics and other product printed with Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

12. Defendants DOES 6 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

13. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

14. Plaintiff is informed and believes and thereon alleges that this case resulted from DC's obtainment, modification, and sale of product bearing at least two of UFI's copyrighted textile designs. Plaintiff is informed and believes that DC had knowledge of UFI's ownership of the designs at issue prior to engaging in the aforesaid conduct.

## CLAIMS RELATED TO SPIKE

15. Plaintiff owns a United States Copyright Registration covering a two-dimensional textile design it has internally designated as SPIKE ("Subject Design A"). A true and correct copy of Subject Design A, as well as a registration covering same, is attached hereto as Exhibit 1. This design was offered for sale prior to the acts complained of herein, and is owned exclusively by the Plaintiff.

16. Plaintiff is informed and believes and thereon alleges that Defendants, including without limitation DCI, PJI, and LHLLC, took access to and received a sample of Subject Design A directly from Plaintiff, or one of its representatives, or an intermediary, prior to the acts alleged herein.

17. Plaintiff's investigation revealed that ROSS and MACYS were purchasing, distributing and selling for profit, garments which bore a textile print that was substantially similar to Subject Design A (hereinafter "Accused Product A"). An exemplar of one such ROSS garment, and one such MACYS garment, are attached hereto as Exhibit 2.

18. Upon information and belief, Plaintiff alleges that Accused Product A was provided, distributed, and/or sold to ROSS by PJI and to MACYS by LHLLC.

19. Upon information and belief, Plaintiff alleges that Accused Product A was provided, distributed, and/or sold to PJI and LHLLC by DC.

20. Prior to the alleged infringement, Plaintiff had formatted Subject Design A for use on textiles, sampled Subject Design A to prospective customers and negotiated sales of fabric bearing Subject Design A.

21. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants, and each of them, purchased, sold, manufactured, caused to be manufactured, imported and/or distributed Accused Product A and/or fabric and/or garments comprised of fabric featuring a design which is identical to, or substantially similar to, Subject Design A.

## CLAIMS RELATED TO SUFFICIENT

22. Plaintiff owns a United States Copyright Registration covering a two-dimensional textile design it has internally designated as SUFFICIENT ("Subject Design B"). A true and correct copy of Subject Design B, as well as a registration covering same, is attached hereto as Exhibit 3. This design was offered for sale prior to the acts complained of herein, and is owned exclusively by the Plaintiff.

23. Plaintiff is informed and believes and thereon alleges that Defendants, including without limitation DCI and JKI, took access to and received a sample of Subject Design B directly from Plaintiff, or one of its representatives, or an intermediary, prior to the acts alleged herein.

24. Plaintiff's investigation revealed that ROSS was purchasing, distributing and selling for profit, garments which bore a textile print that was substantially similar to Subject Design B (hereinafter "Accused Product B"). An exemplar of one such ROSS garment is attached hereto as Exhibit 4.

25. Upon information and belief, Plaintiff alleges that Accused Product B was provided, distributed, and/or sold to ROSS by JKI.

26. Upon information and belief, Plaintiff alleges that Accused Product B was provided, distributed, and/or sold to JKI by DC.

27. Prior to the alleged infringement, Plaintiff had formatted Subject Design B for use on textiles, sampled Subject Design B to prospective customers and negotiated sales of fabric bearing Subject Design B.

28. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants, and each of them, purchased, sold, manufactured, caused to be manufactured, imported and/or distributed Accused Product B and/or fabric and/or garments comprised of fabric featuring a design which is identical to, or substantially similar to, Subject Design B.

29. Subject Design A and Subject Design B will be collectively referred to as "Subject Designs." Accused Product A and Accused Product B will be collectively referred to as "Accused Products."

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants)

30. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

31. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Designs, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to legitimate UFI fabric in the marketplace; and (d) access to Plaintiff's strike-offs and samples.

32. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailer, and each of them, and supplied garments to said retailer, which garments infringed the Subject Designs in that said garments were composed of fabric which featured an unauthorized print design that was identical or substantially similar to the Subject Designs.

33. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling fabric and/or garments which infringe the Subject Designs through a nationwide network of retail stores and on-line outlets.

34. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

35. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

36. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Subject Designs in an amount to be established at trial.

37. Plaintiff is informed and believes and thereon alleges that the infringement of UFI's copyrighted designs was willful, reckless, and/or in blatant disregard for UFI's rights as a copyright holder, and as such claims willful, exemplary and enhanced statutory damages.

## SECOND CLAIM FOR RELIEF

### (For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

38. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

39. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal

reproduction and/or subsequent sales of product featuring the Subject Designs as alleged hereinabove.

40. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

41. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

42. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Designs, in an amount to be established at trial.

43. Plaintiff is informed and believes and thereon alleges that the infringement of UFI's copyrighted designs was willful, reckless, and/or in blatant disregard for UFI's rights as a copyright holder, and as such claims willful, exemplary and enhanced statutory damages.

## THIRD CLAIM FOR RELIEF

### (For Violation of 17 U.S.C. 106(b) - Against DC)

44. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

45. Plaintiff is informed and believes and thereon alleges that Defendant DC obtained an exemplar of both of the Subject Designs, and obtained such exemplars with knowledge that they belonged to Plaintiff and/or that they were copyrighted by Plaintiff or another party.

46. Plaintiff is informed and believes and thereon alleges that DC, with the knowledge set forth above, modified, revised, and changed the Subject Designs in subtle ways to create derivative works therefrom. Plaintiff is informed and believes that these derivate works are still substantially similar to the Subject Designs, and contain no additional creative content.

47. The above machinations by DC were not authorized or made known to Plaintiff, violated 17 U.S.C. § 106(2), and caused Plaintiff damages in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF

### (For Breach of Contract - Against PJI and JKI)

48. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

49. Prior to the infringement alleged herein, PJI and JKI took access to, and possession of, fabric and/or samples bearing at least one of the Subject Designs directly from Plaintiff. PJI and JKI received fabric and/or samples the Subject Designs only after expressly agreeing to Plaintiff's contractual restriction that PJI and JKI would seek Plaintiff's authorization before creating any product bearing any of the Subject Designs, and, if it was to create product bearing any of the Subject Designs, it would only do so only through Plaintiff.

50. Plaintiff and PJI and JKI further understood and agreed that PJI and JKI would not advertise, promote, or publish any of the Subject Designs, or fabric or garments bearing any of the Subject Designs, or a derivative thereof, unless the

products it was advertising, promoting, or publishing were authorized by Plaintiff, and/or created from fabric for which Plaintiff was paid.

51. PJI and JKI, when receiving Plaintiff's samples and/or fabric bearing the Subject Designs, expressly and impliedly promised to seek authorization from Plaintiff before using any of the Subject Designs in any manner, and promised to pay Plaintiff for the use of the Subject Designs if it chose to use any of them in any way. This promise to pay for use of one of the Subject Designs was discrete from PJI and JKI's promise not to infringe any of the Subject Designs.

52. Plaintiff provided the Subject Designs to PJI and JKI while negotiating a possible purchase by PJI and JKI of Plaintiff's products. When providing the Subject Designs to PJI and JKI, Plaintiff clearly indicated that PJI and JKI was receiving samples of the Subject Designs with the condition that PJI and JKI was to tender to Plaintiff the reasonable value of use of any of the Subject Designs if PJI and JKI was to make use of any of the Subject Designs.

53. Plaintiff and PJI and JKI engaged in the transactions set forth herein, wherein Plaintiff submitted the Subject Designs to PJI and JKI with the understanding and expectation, clearly understood by said parties, that Plaintiff would first authorize, and then be paid for, any use of any of the Subject Designs by PJI and JKI.

54. Plaintiff would not have disclosed the Subject Designs to PJI and JKI without PJI and JKI's agreement to the stipulations and conditions regarding Plaintiff's authorization of, and payment receipt for, any use of the Subject Designs by PJI and JKI.

55. Despite this knowledge and understanding, PJI and JKI created or had created, product bearing one or more of the Subject Designs, or a derivation thereof, and published, advertised, sold, and promoted such products. In doing so, PJI and JKI failed to seek Plaintiff's authorization before using the Subject Designs, and

failed to pay Plaintiff for use of the Subject Designs, in violation of the parties'
express and implied agreements as to same.

56. Due to the above, Plaintiff has suffered general and special damages, in an
amount to be established at trial.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### ***Against All Defendants***

1.  With Respect to Each Claim for Relief

    a.  That Defendants, their agents and employees be enjoined from
        infringing Plaintiff's copyrights in any manner, specifically those for the
        Subject Designs;

    b.  That Plaintiff be awarded all profits of Defendants plus all losses of
        Plaintiff, plus any other monetary advantage gained by the Defendants
        through their infringement, the exact sum to be proven at the time of
        trial, or, if elected before final judgment, statutory damages as available
        under the Copyright Act, 17 U.S.C. § 101 et seq.;

    c.  That Plaintiff be awarded additional, enhanced, and elevated damages
        given the reckless and willful nature of the acts alleged;

    d.  That Plaintiff be awarded its attorneys' fees as available under the
        Copyright Act U.S.C. § 101 et seq.;

    e.  That Defendants, and each of them, account to Plaintiff for their profits
        and any damages sustained by Plaintiff arising from the foPJI and
        JKIing acts of infringement;

    f.  That Plaintiff be awarded pre-judgment interest as allowed by law;

    g.  That Plaintiff be awarded the costs of this action;

    h.  That Plaintiff be awarded general and special damages; and

i.   That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

A <u>TRIAL BY JURY</u> PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

Dated: March 24, 2011          By: _____
                               Scott A. Burroughs, Esq.
                               DONIGER / BURROUGHS
                               Attorneys for Plaintiff

13
COMPLAINT

# EXHIBIT 1



# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

JUN 0 1 2009

**Registration Number:**

**VAu 980-258**

**Effective date of registration:**

January 28, 2009

## Title

**Title of Work:** 2009 GEO-FLORAL COLLECTION I

**Contents Titles:** 4149, 4158, 4170, 4169, 4104, 4148, 4136, G272, G273, G276, G208, G213, G259, 2141, 2116, 2161, 2158, 2145, 2157, 2147, 2108, 2111, 2110, 2170, 2164, 2132.

## Completion/ Publication

**Year of Completion:** 2008

## Author

**Author:** UNITED FABRICS INTERNATIONAL, INC.

**Author Created:** 2-D artwork

**Work made for hire:** Yes

**Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** UNITED FABRICS INTERNATIONAL, INC.

1723 SOUTH CENTRAL AVE., LOS ANGELES, CA, 90021, United States

**Transfer Statement:** By written agreement

## Limitation of copyright claim

**Material excluded from this claim:** 2-D artwork

**Previous registration and year:** PENDING    2008

VAu700-341    2006

**New material included in claim:** ADAPTATION OF DESIGN AND ADDITIONAL ARTISTIC WORK.

## Rights and Permissions

**Organization Name:** UNITED FABRICS INTERNATIONAL, INC.

**Name:** SHAHARIAR SHAR SIMANTOB

**Email:** shar@unitedfabric.com        **Telephone:** 213749-820-0115

**Address:** 1723 SOUTH CENTRAL AVE.

LOS ANGELES, CA 90021 United States

## Certification

**Name:** SHAHARIAR SHAR SIMANTOB

**Date:** January 28, 2009

# EXHIBIT 2









# EXHIBIT 3



3

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

**VAu 1-029-370**

**Effective date of
registration:**

June 15, 2010

---

## Title

**Title of Work:** 2010 GEO-FLORAL COLLECTION III

**Contents Titles:** 8574, 8573, 8572, 8571, 8570, 8569, 8566, 8564, 8563, 8562, 8561, 8560, 8559, 8558, 8557, 8556, 8555, 8554, 6067, 4250, 4249, 2237, 2228, 0118, 0117, M128, M127, M126, A094, A093, A091, A090.

## Completion/Publication

**Year of Completion:** 2010

## Author

■    **Author:** UNITED FABRICS INTERNATIONAL, INC.

**Author Created:** 2-D artwork

**Work made for hire:** Yes

**Citizen of:** United States

## Copyright claimant

**Copyright Claimant:** UNITED FABRICS INTERNATIONAL, INC.

1723 SOUTH CENTRAL AVE., LOS ANGELES, CA, 90021, United States

## Limitation of copyright claim

**Material excluded from this claim:** 2-D artwork, PRINT FRESH 18-0272-HO, MUSTIC STYLE CH 9322, STUDIO 33 SP00900515, CONTROMODA BE00900661, STUDIO BERNINI A-12-B-17, LINEASTUDIO40434AR, CONTROMODA SAP0900511, MUSTIC STYLE CH 9322, ELLE2 DISEGNI 722085, MOSAIQUE 722047, LINEA STUDIO 40815, THE COLOR FIELD MC 6027, STUDIO BERNINI A-09-YY-4, STUDIO BERNINI B-03-D-69, LINEA STUDIO 40815, SR EUROPEAN DESIGN 718069, CONTROMODA-SEL0700345, CLASSY COLLECTION SMS0900805, THE COLOR FIELD MG2968, COLORFIELD KF1762, STUDIO BERNINI A-12-A-32, STUDIO BERNINI A-12-B-27.

| | | |
|---|---|---|
| **Previous registration and year:** | Vau 1-019-076 | 2010 |
| | VA 1-013-536 | 2010 |
| **New material included in claim:** | 2-D artwork, ADAPTATION OF DESIGN AND ADDITIONAL ARTISTIC WORK. | |

## Rights and Permissions

| | |
|---|---|
| **Organization Name:** | United Fabrics International, Inc. |
| **Name:** | SHAHARIAR SHAR SIMANTOB |
| **Email:** | shar@unitedfabric.com |
| **Address:** | 1723 SOUTH CENTRAL AVE |
| | LOS ANGELES, CA 90021  United States |

**Telephone:**   213-749-8200

## Certification

| | |
|---|---|
| **Name:** | SHAHARIAR SHAR SIMANTOB |
| **Date:** | June 15, 2010 |



3

# EXHIBIT 4





Stephen M. Doniger, Esq. (SBN 179314)
Scott A. Burroughs, Esq. (SBN 235718)
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FABRICS INTERNATIONAL, INC., a California Corporation<br><br>PLAINTIFF(S)<br><br>v.<br><br>DESIGN COLLECTION, INC., a California Corporation; et al.<br>(See Attached "Schedule A")<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV11 02541 DSF PLAx<br><br><br>SUMMONS |

TO:   DEFENDANT(S): _____
_____

      A lawsuit has been filed against you.

      Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Scott A. Burroughs, Esq. SBN 235718_, whose address is _DONIGER / BURROUGHS APC 300 Corporate Pointe, Ste. 355 Culver City, CA 90230_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                  Clerk, U.S. District Court

              MAR 2 5 2011                      **CHRISTOPHER POWERS**
Dated: _____     By: _____
                                                            Deputy Clerk

                                      *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# "SCHEDULE A"

UNITED FABRICS INTERNATIONAL, INC., a California Corporation,

Plaintiff,

vs.

DESIGN COLLECTION, INC., a California Corporation; ROSS STORES, INC., a California Corporation; G.S.L., INC., a California Corporation; JODI KRISTOPHER, INC., a New York Corporation; PRIDE & JOYS, INC., a New York Corporation; LARRY HANSEL CLOTHING, LLC, a New York Corporation; MACYS RETAIL HOLDINGS, INC., an Ohio Corporation; and DOES 1-10,

Defendants.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □)  UNITED FABRICS INTERNATIONAL, INC., a California Corporation | DEFENDANTS  DESIGN COLLECTION, INC., a California Corporation; et al. |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)  Scott A. Burroughs, Esq. (SBN 235718) scott@donigerlawfirm.com  DONIGER / BURROUGHS APC 300 Corporate Pointe, Suite 355  Culver City, California 90230 (310) 590-1820 | Attorneys (If Known) |

| II. BASIS OF JURISDICTION (Place an X in one box only.) | | III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.) | | | | |
|---|---|---|---|---|---|---|
| | | | PTF | DEF | | PTF DEF |
| □ 1 U.S. Government Plaintiff | ☑ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 □ 4 |
| □ 2 U.S. Government Defendant | □ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 □ 5 |
| | | Citizen or Subject of a Foreign Country □ 3 | □ 3 | | Foreign Nation | □ 6 □ 6 |

IV.  ORIGIN  (Place an X in one box only.)

☑ 1 Original Proceeding  □ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify):  □ 6 Multi-District Litigation  □ 7 Appeal to District Judge from Magistrate Judge

V. REQUESTED IN COMPLAINT:   JURY DEMAND: ☑ Yes  □ No (Check 'Yes' only if demanded in complaint.)

CLASS ACTION under F.R.C.P. 23: □ Yes  ☑ No          □ MONEY DEMANDED IN COMPLAINT: $

VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)

VII.  NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | Vacate Sentence Habeas Corpus | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 530 General | □ 730 Labor/Mgmt. Reporting & |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 535 Death Penalty □ 540 Mandamus/ | Disclosure Act |
| □ 460 Deportation | □ 150 Recovery of Overpayment & | □ 340 Marine | BANKRUPTCY | Other | □ 740 Railway Labor Act |
| □ 470 Racketeer Influenced and Corrupt Organizations | Enforcement of Judgment | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 550 Civil Rights □ 555 Prison Condition | □ 790 Other Labor Litigation |
| □ 480 Consumer Credit | □ 151 Medicare Act | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | □ 791 Empl. Ret. Inc. Security Act |
| □ 490 Cable/Sat TV | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | □ 610 Agriculture | PROPERTY RIGHTS |
| □ 810 Selective Service | | □ 360 Other Personal Injury | □ 441 Voting | □ 620 Other Food & Drug | ☑ 820 Copyrights |
| □ 850 Securities/Commodities/ Exchange | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 362 Personal Injury-Med Malpractice | □ 442 Employment | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 830 Patent □ 840 Trademark |
| □ 875 Customer Challenge 12 USC 3410 | □ 160 Stockholders' Suits | □ 365 Personal Injury-Product Liability | □ 443 Housing/Acco-mmodations | | SOCIAL SECURITY □ 861 HIA (1395ff) |
| □ 890 Other Statutory Actions | □ 190 Other Contract | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | □ 630 Liquor Laws | □ 862 Black Lung (923) |
| □ 891 Agricultural Act | □ 195 Contract Product Liability | IMMIGRATION | □ 445 American with Disabilities - Employment | □ 640 R.R. & Truck | □ 863 DIWC/DIWW (405(g)) |
| □ 892 Economic Stabilization Act | □ 196 Franchise | □ 462 Naturalization Application | □ 446 American with Disabilities - Other | □ 650 Airline Regs | □ 864 SSID Title XVI |
| □ 893 Environmental Matters | REAL PROPERTY | □ 463 Habeas Corpus-Alien Detainee | □ 440 Other Civil Rights | □ 660 Occupational Safety /Health | □ 865 RSI (405(g)) |
| □ 894 Energy Allocation Act | □ 210 Land Condemnation | □ 465 Other Immigration Actions | | □ 690 Other | FEDERAL TAX SUITS |
| □ 895 Freedom of Info. Act | □ 220 Foreclosure | | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | □ 230 Rent Lease & Ejectment | | | | □ 871 IRS-Third Party 26 USC 7609 |
| □ 950 Constitutionality of State Statutes | □ 240 Torts to Land □ 245 Tort Product Liability □ 290 All Other Real Property | | | | |

CV11  02541

FOR OFFICE USE ONLY:     Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, *and* one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| UNITED FABRICS INTERNATIONAL, INC. - Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| DESIGN COLLECTION, INC. - California<br>ROSS STORES, INC. - California<br>G.S.L., INC. - California | JODI KRISTOPHER, INC. - New York       PRIDE & JOYS, INC. - New York<br>MACYS RETAIL HOLDINGS, INC. - Ohio<br>LARRY HANSEL CLOTHING, LLC - New York |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____      Date 03/24/2011

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

## CV11- 2541 DSF (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [_] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [_] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY